USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/26/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
     -against-                      :     No. 11 Cr. 755 (JFK)
                                    :
HENRY MICHEL,                       :     **OPINION & ORDER**
                                    :
                    Defendant.      :
-------------------------------------X

APPEARANCES

FOR DEFENDANT HENRY MICHEL:
    Pro Se

FOR THE UNITED STATES OF AMERICA:
    Thomas S. Burnett
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is a pro se motion by Defendant Henry Michel seeking a sentence reduction and his immediate release due to the COVID-19 pandemic. Michel brings the motion pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute. The Government opposes Michel's request.

For the reasons set forth below, Michel's motion is DENIED.

**I. Background**

Unless otherwise noted, the following is taken from the materials the parties submitted; Michel's Presentence Investigation Report ("PSR"), dated February 18, 2014; and the transcripts of Michel's September 12, 2013 plea (ECF No. 202) and March 27, 2014 sentencing ("Sent. Tr.", ECF No. 290). In ruling

1

on Michel's request, the Court has considered the arguments advanced in his pro se motion (ECF No. 463) and the Government's letter in opposition (ECF No. 471).  Michel did not file a reply.

On September 12, 2013, Michel pleaded guilty to conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201.  The charges stemmed from Michel's participation in a loosely knit organization that, from at least December 2009 through May 2011, committed armed robberies of drug dealers and certain business owners in New York City and Nassau County, New York.  As documented in Michel's PSR, Michel participated in at least three robbery-kidnappings during which the victims were grabbed off the street or from inside a residence, forced into a van, tortured in an effort to extract information regarding the location of money and narcotics, and subsequently robbed by Michel and his co-conspirators.

Michel's sentencing occurred on March 27, 2014, during which the Court found a Guideline offense level of 39 and a Criminal History Category of I, which resulted in a Guidelines sentencing range of 262-327 months' incarceration.  (Sent. Tr. at 7:5-11.) Before imposing sentence, the Court noted Michel's role in "a group that kidnapped and robbed people all over the city and out into Long Island," as well as Michel's "two prior minor charges of disorderly conduct for possession of a switchblade knife and a marijuana charge."  (Id. at 6:24-7:3.)  "This was a particularly

2

violent group of men who held up people . . . and committed crimes of violence," the Court explained, "[h]owever, because it's his first serious criminal conviction, I think a variance to some degree is warranted." (Id. at 7:13-17.)  Accordingly, the Court sentenced Michel to a below-Guidelines 216-month term of incarceration to be followed by five years' supervised release. (Id. at 7:18-25.)  To date, Michel has served approximately 118 months of his sentence.  He is scheduled for release on September 29, 2027. See Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 25, 2021).

On February 3, 2021, Michel filed a pro se motion requesting a reduction in sentence and his immediate compassionate release. (ECF No. 463.)  Michel's motion explained that he suffered from certain health issues—namely, asthma and obesity—and he was deeply worried about his well-being should he contract the coronavirus, COVID-19.  The Court ordered the Government to respond, and on February 26, 2021, the Government opposed Michel's request on the grounds that his immediate release would be inappropriate under the sentencing factors set forth in 18 U.S.C. § 3553(a).  (ECF No. 471.)  The Court allowed Michel 30 days to file a reply, however, no such response by Michel was forthcoming.

## II. Discussion

### A. Legal Standard

18 U.S.C. § 3582(c)(1)(A) allows a court to modify a term of imprisonment "upon motion of the defendant" provided the defendant has exhausted certain administrative requirements. 18 U.S.C. § 3582(c)(1)(A). Under these circumstances, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A)(i). In doing so, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). "Application of the § 3553(a) factors requires an assessment of whether the relevant factors outweigh the extraordinary and compelling reasons warranting compassionate release and whether compassionate release would undermine the goals of the original sentence." United States v. Daugerdas, --- F. Supp. 3d ---, No. 09 Cr. 581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations and internal quotation marks omitted) (quoting United States v. Ebbers, 432 F. Supp. 3d 421, 430-31 (S.D.N.Y. 2020)).

In the Second Circuit, the policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release, section 1B1.13 of the Sentencing Guidelines, "is not 'applicable'

4

to compassionate release motions brought by defendants," and "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020). Accordingly, as the court in United States v. Harris, No. 15 Cr. 445 (PAE), 2020 WL 5801051 (S.D.N.Y. Sept. 29, 2020), explained:

> when assessing a motion brought directly by an imprisoned person rather than by the [Bureau of Prisons], the Court is constrained neither by [§] 1B1.13's enumeration of extraordinary and compelling reasons, nor by its freestanding requirement that the defendant seeking release not pose any danger to the community. Rather, the Court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." However, even if such reasons are present, the Court must also assure itself that release is consistent with "the factors set forth in section 3553(a) to the extent that they are applicable."

Id. at *2 (footnote and internal citations omitted).

"[P]ro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

### B. Analysis

The Court is sympathetic to the heightened risk certain individuals face from COVID-19, and it has, on very limited occasions, modified an incarcerated defendant's sentence for such reasons. See United States v. Smith, 454 F. Supp. 3d 310, 315

5

(S.D.N.Y. 2020) (granting release to medically "high risk" and non-violent 62-year-old who suffered from asthma, high cholesterol, blood clots, a thyroid condition, and suspected multiple myeloma); but see United States v. Kerrigan, No. 16 Cr. 576 (JFK), 2020 WL 2488269, at *4 (S.D.N.Y. May 14, 2020) (denying release to non-violent 43-year-old with obesity, liver disease, and high-blood pressure). Nevertheless, after considering the 3553(a) factors in this case, the Court is not persuaded that extraordinary and compelling reasons exist to reduce Michel's sentence. Accordingly, Michel's motion must be denied. See 18 U.S.C. § 3582(c) (stating a court "may not modify a term of imprisonment once it has been imposed" without a finding that "extraordinary and compelling reasons warrant such a reduction").

First, Michel has failed to articulate a sufficiently extraordinary or compelling reason why his sentence should be modified. Michel is 32 years old—significantly younger than the Centers for Disease Control and Prevention's ("the CDC") former high-risk cutoff age of 65. And, although his medical records reflect that he suffers from asthma and obesity—specifically, a body mass index (BMI) of 32.3—Michel does not suffer from severe asthma, severe obesity (defined as a BMI of 40 or more), or other sufficiently serious health conditions looked to by courts in this context, such as cancer or immunocompromization. See People

at Increased Risk, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited May 25, 2021) see also, e.g., United States v. Skelos, No. 15 Cr. 317 (KMW), 2020 WL 2508739, at *2 (S.D.N.Y. May 15, 2020) ("Defendant has not demonstrated the existence of extraordinary and compelling circumstances in his case. Defendant is 37 years old, and thus faces a relatively low risk of hospitalization or death from COVID-19."); United States v. Mood, No. 19 Cr. 113 (VB), 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (denying release to 53-year-old with diabetes, hypertension, and obesity where "[t]here is no question that [the defendant] has health issues, but his condition is stable and has been effectively managed by routine monitoring and medication"); cf. United States v. Deleon, No. 16 Cr. 670 (KMW), 2020 U.S. Dist. LEXIS 86975, at *7 (S.D.N.Y. May 17, 2020) (granting release to 33-year-old with a compromised immune system whose medical vulnerabilities included obesity as well as acute asthma, diabetes, hypertension, pericarditis (inflammation of the fibrous sac surrounding the heart), and susceptibility to certain viruses, all of which placed her "in the category of high-risk individuals for whom infection with COVID-19 is potentially lethal").

Further, Michel's medical records reflect that he tested positive for COVID-19 in May 2020 and, fortunately, he suffered

7

mild symptoms and has recovered from it. "[H]aving now contracted the virus, the fundamental and overriding purpose of [Michel's] request for immediate release—i.e., the desire to remove him from an environment where he may be exposed to the virus—is significantly less compelling." United States v. Maldonado, No. 17 Cr. 530 (JFK), 2021 WL 1131411, at *3 (S.D.N.Y. Mar. 24, 2021); see also United States v. Rodriguez-Francisco, No. 13 Cr. 233 (VB), 2021 WL 326974, at *2 (S.D.N.Y. Feb. 1, 2021) (explaining that "a sentence reduction based on the risk of contracting [COVID-19] again makes no sense" where the defendant tested positive for the virus in December 2020 and, although he claimed "to have lingering effects," "his risk of reinfection is extremely low" "because he has already had (and fortunately recovered from) the disease") (citing the CDC's website). "The current COVID-19 pandemic is an unprecedented worldwide catastrophe. But it does not warrant the early release of sentenced inmates in federal prisons convicted of serious, dangerous offenses, like [the defendant], whose medical conditions and risk of contracting the virus cannot be deemed 'extraordinary and compelling.'" Mood, 2020 WL 3256333, at *1.

Finally, and decisive here, even if Michel's health risks and the COVID-19 pandemic could provide extraordinary and compelling reasons for a sentence reduction, application of the 3553(a) factors cripples his request and outweighs any

justification for early release.  Here, the factors that weigh in Michel's favor, such as the need to provide necessary medical care, are overshadowed by the combined force of "the nature and circumstances of the offense" (i.e., Michel's participation in a long-running kidnapping and robbery conspiracy that involved extraordinary acts of violence) and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).  For the same reasons that necessitated Michel's 216-month term of incarceration, which were discussed at his sentencing and are incorporated by reference here, the Court finds that modifying Michel's imprisonment when he has served little more than one-half of that already-lenient, below-Guidelines sentence would disserve the above important sentencing factors.  Accordingly, Michel's motion is denied. Cf. United States v. Rodriguez, No. 11 Cr. 755 (JFK), 2021 WL 37689, at *4 (S.D.N.Y. Jan. 5, 2021) (denying release to one of Michel's co-conspirators).

### III. Conclusion

For the reasons set forth above, Defendant Henry Michel's motion for a reduction in sentence is DENIED.

The Clerk of Court is directed to terminate the motion docketed at ECF No. 463.

**SO ORDERED.**

Dated:  New York, New York
        May 26, 2021

_____
John F. Keenan
United States District Judge