UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

HENRY MICHEL,

Defendant.

11 Cr. 755-4 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

Defendant Henry Michel has filed a *pro se* motion for a sentence reduction pursuant to the compassionate release provision, 18 U.S.C. § 3582(c)(1)(A)(i), which motion was docketed by the Court on March 19, 2025. (Dkt. #572). In reviewing the motion, the Court observed that Mr. Michel appears not to have exhausted his administrative remedies by presenting the request in the first instance to the warden of his facility; the Court then confirmed with the Bureau of Prisons (the "BOP") and with staff at the Federal Correctional Institute in Fort Dix, New Jersey ("FCI Fort Dix") that no such request was made. From this omission, the Government argues that the Court may not consider Mr. Michel's motion until he has administratively exhausted his remedies. (Dkt. #574 at 3-5). The Court agrees. The relevant statute requires that a defendant "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). That requirement has not been satisfied here.

This Court recognizes that Mr. Michel's failure to exhaust does not deprive the Court of jurisdiction to consider the motion, but rather is a claims-processing rule that can be waived or forfeited by the Government. *See, e.g.*, *United States* v. *Saladino*, 7 F.4th 120, 121 (2d Cir. 2021); *accord United States* v. *Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). Significantly, however, it has been this Court's experience that the Government has raised the administrative exhaustion issue in virtually every case in which it has been applicable, and the Government has done so here. Accordingly, the Court DENIES Mr. Michel's motion without prejudice to its renewal, after Mr. Michel (i) presents his claim to the warden of his facility and (ii) advises the Court that the claim has been administratively exhausted. Given the comprehensiveness of the prior briefing, the parties may refer to their prior briefing in future submissions, and are not obligated to file entirely new briefing, although the Court would appreciate receiving updates regarding any relevant facts or law.

The Clerk of Court is directed to terminate the pending motion at docket entry 572. The Clerk of Court is further directed to mail a copy of this Order to Mr. Michel at the following address:

>Henry Michel, Reg. No. 08443-070
>FCI Fort Dix
>P.O. Box 2000
>Joint Base MDL, NJ 08640

SO ORDERED.

Dated:  August 27, 2025
         New York, New York

                                              KATHERINE POLK FAILLA
                                              United States District Judge