UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
                    Plaintiff,

v.

HENRY MICHEL,

        Defendant.

MEMO ENDORSED

11-CR-755 (KPF)

**MOTION MOVING THE COURT FOR A HEARING ON DEFENDANT'S PRO SE  MOTION REQUESTING (1) A REDUCTION OF SENTENCE, (2) OR COMPASSIONATE RELEASE, (3) AND OR FOR A JUDICIAL RECOMMENDATION TO THE BOP TO PLACE DEFENDANT ON HOME CONFINEMENT  OR IN A COMMUNITY CORRECTIONAL CENTER CONFINEMENT**

Before the Court is Defendant's pro se motion  seeking (1) a reduction of sentence; (2) or compassionate release; (3) or a  judicial recommendation to the Federal Bureau of Prisons to place Defendant on home confinement or in a community correctional center confinement. The Government has made its objections by letter, and on June 15, 2025, Defendant made his answered to those objections. More than 75 days has past and Defendant has not received a decision from this Court on the matters now before this court.

**Erosion of Trust in the Legal System**

When justice is not delivered in a timely manner, public confidence in the legal system erodes. People start to doubt the effectiveness and reliability of judicial institutions, which can lead to decreased compliance with laws and an increase in extrajudicial actions. A legal system perceived as slow and inefficient can also deter individuals from seeking redress, further undermining the rule of law.

**RIGHT TO BE HEARD loss of fundamental rights**

Congress shall make no law  *** prohibiting *** the right of the people  *** to petition the Government for a redress of grievances. First Amendment to the Constitution of the United States.

"Justice delayed is justice denied" is a legal maxim. It means that if legal redress or equitable relief

to an injured party is available, but is not forthcoming in a timely fashion, it is effectively the same as having no remedy at all. Şirin, Tolga (2019). "Producing Legal History". Verfassungsblog: On Matters Constitutional. doi:10.17176/20190614-165845-0.

Prompt decision-making is part of "Judging 101", and is covered in every judicial handbook. "Judges should endeavour to perform all judicial duties, including the delivery of reserved judgments, with reasonable promptness." To a similar effect in Canada: "A judge shall dispose of all judicial matters promptly...." Judicial Council, Ethical Principles for Judges (1998), Chapter 4, article 3.

Applicable to federal judges and effective March 12, 2019, the Code of Conduct for United States Judges elucidates "the ethical canons that apply to federal judges and provides guidance on their performance of official duties and engagement in a variety of outside activities." Beyond general exhortations, it has little to say about delay in dispositions:

A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently "The duties of judicial office take precedence over all other activities. The judge should perform those duties with respect for others, and should not engage in behavior that is harassing, abusive, prejudiced, or biased. The judge should adhere to the following standards:

### Adjudicative Responsibilities.

A judge should be faithful to, and maintain professional competence in, the law and should not be swayed by partisan interests, public clamor, or fear of criticism.

A judge should hear and decide matters assigned, unless disqualified, and should maintain order and decorum in all judicial proceedings. ...

A judge should dispose promptly of the business of the court." "Code of Conduct for United States Judges". Retrieved April 22, 2020.

### A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently

The duties of judicial office take precedence over all other activities. The judge should perform

2

those duties with respect for others, and should not engage in behavior that is harassing, abusive, prejudiced, or biased. The judge should adhere to the following standards:

**Adjudicative Responsibilities.**

(1) A judge should be faithful to, and maintain professional competence in, the law and should not be swayed by partisan interests, public clamor, or fear of criticism.

(2) A judge should hear and decide matters assigned, unless disqualified, and should maintain order and decorum in all judicial proceedings.

(3) A judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity. A judge should require similar conduct by those subject to the judge's control, including lawyers to the extent consistent with their role in the adversary process.

(4) A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law. Except as set out below, a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested. A judge may:

(a) initiate, permit, or consider ex parte communications as authorized by law;

(b) when circumstances require it, permit ex parte communication for scheduling, administrative, or emergency purposes, but only if the ex parte communication does not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication;

(c) obtain the written advice of a disinterested expert on the law, but only after giving advance

3

notice to the parties of the person to be consulted and the subject matter of the advice and affording the parties reasonable opportunity to object and respond to the notice and to the advice received; or

(d) with the consent of the parties, confer separately with the parties and their counsel in an effort to mediate or settle pending matters.

(5) A judge should dispose promptly of the business of the court.

(6) A judge should not make public comment on the merits of a matter pending or impending in any court. A judge should require similar restraint by court personnel subject to the judge's direction and control. The prohibition on public comment on the merits does not extend to public statements made in the course of the judge's official duties, to explanations of court procedures, or to scholarly presentations made for purposes of legal education.

Justice delayed is justice denial is a legal proverb, which means that if a party that suffered harm but do not arrive for redressal on time, it is effectively equivalent to taking no remedy at all. This principle is the basis of the power of speedy judgment and similar rights intended to speed up the judicial system, because the injured party has to bear the damage, and there is little hope of resolution, which is unfair.

For the above reasons, the Court should forthwith  grant Defendant's December 9, 2024 motion.

Dated: September 2,  2025

Respectfully submitted,

Henry Michel
Pro se Defendant
#08443-070
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

4

The Court has reviewed Mr. Michel's above motion for a hearing (Dkt. #577) in support of his motion for a sentence reduction (Dkt. #572).  However, the Court previously denied Mr. Michel's sentence reduction motion.  (Dkt. #576).  That denial was without prejudice to its renewal upon a showing by Mr. Michel that he has administratively exhausted his claim.  (*Id.*).  For Mr. Michel's convenience and in the interest of clarity, the Court attaches that Order to the end of this endorsement.

Because Mr. Michel has not advised the Court that he has administratively exhausted his claim, the Court similarly DENIES his motion for a hearing without prejudice to its renewal upon a showing of administrative exhaustion.  (*See* Dkt. #576).

The Clerk of Court is directed to terminate the pending motion at docket entry 577 and is further directed to mail a copy of this Order to Mr. Michel at the following address:

> Henry Michel, Reg. No. 08443-070
> FCI Fort Dix
> P.O. Box 2000
> Joint Base MDL, NJ 08640

Dated:     April 6, 2026             SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 11 Cr. 755-4 (KPF) |
| HENRY MICHEL, | **ORDER** |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

Defendant Henry Michel has filed a *pro se* motion for a sentence reduction pursuant to the compassionate release provision, 18 U.S.C. § 3582(c)(1)(A)(i), which motion was docketed by the Court on March 19, 2025. (Dkt. #572).  In reviewing the motion, the Court observed that Mr. Michel appears not to have exhausted his administrative remedies by presenting the request in the first instance to the warden of his facility; the Court then confirmed with the Bureau of Prisons (the "BOP") and with staff at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix") that no such request was made.  From this omission, the Government argues that the Court may not consider Mr. Michel's motion until he has administratively exhausted his remedies.  (Dkt. #574 at 3-5).  The Court agrees.  The relevant statute requires that a defendant "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  That requirement has not been satisfied here.

This Court recognizes that Mr. Michel's failure to exhaust does not deprive the Court of jurisdiction to consider the motion, but rather is a claims-processing rule that can be waived or forfeited by the Government.  *See, e.g.,* *United States* v. *Saladino*, 7 F.4th 120, 121 (2d Cir. 2021); *accord United States* v. *Keitt*, 21 F.4th 67, 71 (2d Cir. 2021).  Significantly, however, it has been this Court's experience that the Government has raised the administrative exhaustion issue in virtually every case in which it has been applicable, and the Government has done so here.  Accordingly, the Court DENIES Mr. Michel's motion without prejudice to its renewal, after Mr. Michel (i) presents his claim to the warden of his facility and (ii) advises the Court that the claim has been administratively exhausted.  Given the comprehensiveness of the prior briefing, the parties may refer to their prior briefing in future submissions, and are not obligated to file entirely new briefing, although the Court would appreciate receiving updates regarding any relevant facts or law.

The Clerk of Court is directed to terminate the pending motion at docket entry 572.  The Clerk of Court is further directed to mail a copy of this Order to Mr. Michel at the following address:

> Henry Michel, Reg. No. 08443-070
> FCI Fort Dix
> P.O. Box 2000
> Joint Base MDL, NJ 08640

SO ORDERED.

Dated:   August 27, 2025
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

3